# Matter of L-R-M-C- & V-A-M-M-, Respondents

*Decided July 15, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A motion to reopen based on ineffective assistance of counsel must include a copy of the bar complaint filed with disciplinary authorities and proof of the filing of that complaint, or an explanation why a bar complaint was not filed.

FOR THE RESPONDENTS: Alec S. Bracken, Esquire, Midvale, Utah

BEFORE: Board Panel: RADICS, Deputy Chief Appellate Immigration Judge; OWEN and GALLOW, Appellate Immigration Judges.

OWEN, Appellate Immigration Judge:

This matter is before the Board pursuant to an order from the United States Court of Appeals for the Tenth Circuit vacating our denial of the respondents' motion to reopen and remanding the record to the Board. On remand, the respondents, who are natives and citizens of Honduras, ask the Board to grant relief from removal.[1] We will deny the respondents' motion to reopen unless they comply with the requirements for such a motion as set forth below.

## I. PROCEDURAL HISTORY

The respondents entered the United States in April 2021 without being admitted and without proper documentation. They were issued notices to appear in July 2022. On May 3, 2023, the Immigration Judge found the respondent credible but denied all relief because the respondent had not met the required burdens of proof for the applications.

The respondents did not timely appeal. The appeal was due June 2, 2023. The respondents, through counsel, attempted to file notices of appeal on July 19 and 20, but those were rejected due to defects. The respondents'

---

[1] The respondents are an adult mother and her minor daughter. All references to a singular respondent are to the lead, adult respondent. The minor is included as a rider on the lead respondent's asylum application and has no separate application. On remand from the Tenth Circuit, the respondents ask the Board to grant substantive relief. In light of our disposition, we do not reach the merits of the respondents' underlying claims for relief.

appeal was successfully filed on July 25, 2023, accompanied by a motion to accept the late-filed appeal.  On September 18, 2023, this Board considered the motion, noted there was insufficient evidence to support the attorney's allegation of timely preparation, and summarily dismissed the appeal as untimely under 8 C.F.R. § 1003.1(d)(2)(i)(G) (2023).

The respondents filed a timely motion to reopen, arguing that they were the victims of ineffective assistance of counsel and had complied with *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), which sets forth the requirements for filing such a claim.  On May 30, 2024, we denied the motion because the respondents' assertion that a bar complaint had been filed was not supported by any evidence of the contents of the bar complaint or even that it related to the respondents.

The respondents filed a timely motion to reconsider, arguing that proof of mailing the bar complaint was sufficient to comply with *Matter of Lozada*.  On November 22, 2024, we denied the motion, observing that the new attorney who filed it worked at the same firm as the allegedly ineffective one, and thus concerns about disclosure or collusion were not satisfied by proof of mailing without proof of the contents of what was mailed.  We further observed that the respondents did not attempt to rectify the identified issue by submitting the contents of the actually-filed bar complaint.

On January 15, 2025, the Tenth Circuit vacated our May 2024 decision.  The court observed that, while the Board has long required the filing of a bar complaint to comply with *Matter of Lozada*, we have not specified what evidence, if any, must be provided to satisfy the requirement that a motion to reopen based on ineffective assistance of counsel "reflect whether a [bar] complaint has been filed."  *Matter of Lozada*, 19 I&N Dec. at 639.  We take this opportunity to do so.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

For decades, the Board has been guided by the standards set forth in *Matter of Lozada*, which requires motions to reopen based on ineffective assistance of counsel to:  (1) include an affidavit from the respondent setting forth in detail the relevant facts, such as the specific terms of the agreement entered into with counsel; (2) include evidence that the offending counsel was informed of the allegations and provided an opportunity to respond, and any subsequent response from counsel; and (3) "reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."  *Matter of Lozada*, 19 I&N Dec. at 639.

The Tenth Circuit recognizes these requirements. *Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 n.9 (10th Cir. 2015).

The first *Lozada* requirement is essential to set forth the facts of the claim. *See, e.g.*, *Singh v. Bondi*, 144 F.4th 985, 989 (7th Cir. 2025) (finding lack of clarity in the respondent's affidavit to be fatal to his claim of ineffective assistance); *Ferreira v. Barr*, 939 F.3d 44, 46 (1st Cir. 2019) (recognizing that "the *Lozada* requirements are designed to give the BIA sufficient information to inform its decision without resorting to an evidentiary hearing").

The second requirement ensures that former counsel has a meaningful opportunity to reply to the allegations and helps ensure that the Board can rely upon the allegations as accurate. *See, e.g.*, *Point du Jour v. U.S. Att'y Gen.*, 960 F.3d 1348, 1350–51 (11th Cir. 2020) (holding that trying to contact counsel and filing a formal disciplinary complaint did not constitute substantial compliance with *Matter of Lozada*'s second requirement); *Sembhi v. Sessions*, 897 F.3d 886, 892 (7th Cir. 2018) (observing that the requirement to inform counsel of the allegations "serves to discourage baseless charges, afford the attorney whose competence is being questioned the chance to present his version of events, and, where the attorney admits having erred, expedite the resolution of the claim").

The third requirement—that a complaint be filed with the appropriate disciplinary authorities, and if not, an explanation why not—has also been widely accepted by the circuit courts. Some circuits require strict compliance, *see Hernandez-Ortez v. Holder*, 741 F.3d 644, 647–48 (5th Cir. 2014), while others require only "substantial" compliance with the reporting requirements, *see Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000). However, the basic requirement that counsel's ineffective assistance should be reported to the proper disciplinary authorities has not been meaningfully challenged.

We affirm that *Matter of Lozada* remains good law. *See generally Gutierrez-Mikan v. U.S. Att'y Gen.*, 163 F.4th 1331, 1335 (11th Cir. 2026) ("Because *Lozada* did not interpret an ambiguous immigration statute, *Loper Bright* [*Enters v. Raimondo*, 603 U.S. 369 (2024)] does not impact *Lozada* or our decisions applying it.").

### III.  REQUIREMENT TO FILE A BAR COMPLAINT

We now clarify the evidentiary burden associated with *Matter of Lozada*'s requirement to file a complaint with the appropriate disciplinary authorities or explain why such a complaint has not been filed.

The bar complaint requirement "serves to deter meritless claims of ineffective assistance of counsel but also highlights the standards which should be expected of attorneys who represent aliens in immigration proceedings." *Matter of Rivera*, 21 I&N Dec. 599, 604 (BIA 1996).  "It also serves to protect against collusion between alien and counsel in which 'ineffective' assistance is tolerated, and goes unchallenged by an alien before disciplinary authorities, because it results in a [delay that is a] benefit to the alien."  *Id*.; *see also Guzman-Torralva v. Garland*, 22 F.4th 617, 621 (6th Cir. 2022) (recognizing the bar complaint requirement of *Lozada* helps prevent collusion and helps police the immigration bar).

Beyond protecting any individual alien, a bar complaint also serves to preserve the integrity of the entire system.  A series of complaints against an individual attorney may alert disciplinary authorities to a pattern of misconduct.  *Matter of Melgar*, 28 I&N Dec. 169, 170 (BIA 2020).  Moreover, where this Board must consider competing interests—those of an alien alleging incompetent counsel, and those of a lawyer attempting to minimize deficient conduct—the actual, as-filed complaint assists the adjudicator in determining whether the "heavy burden" for reopening has been met.  *See generally Bonilla-Espinoza v. Blanche*, 177 F.4th 1055, 1059 (10th Cir. 2026) (describing burden for reopening).  We have stated that the bar complaint should establish prejudice in order to ensure that the "extraordinary remedy" of reopening is not used merely because the attorney "was not good enough."  *Matter of Melgar*, 28 I&N Dec. at 171.  Thus, both the contents of the bar complaint and proof of its filing serve an important purpose in ineffective assistance of counsel claims.

*Matter of Lozada* provides guidance for vulnerable aliens to demonstrate deficient performance by their prior counsel.  Unscrupulous lawyers can harm respondents and have a detrimental effect on the immigration system.  A potential loophole exists, however, when the ineffective attorney attempts to avoid official reporting by accepting responsibility in the motion to reopen without filing a bar complaint, or by passing the respondent to a friend or coworker who will assert the ineffectiveness claim but avoid documenting it with the relevant disciplinary authorities.

This situation was recently addressed by the United States Court of Appeals for the Eighth Circuit in *Irias v. Bondi*, 167 F.4th 1003 (8th Cir. 2026). In that case, the alien's counsel self-reported his ineffective assistance when he failed to enter an appearance as counsel of record and thus did not receive the notice of hearing. Counsel's error resulted in an in absentia removal order for the alien. To support the motion to reopen, counsel provided a copy of an email to disciplinary authorities detailing the error but no proof it had actually been sent. The Eighth Circuit found the alien's claim "procedurally deficient" under *Matter of Lozada*. *Irias v. Bondi*, 167 F.4th at 1007.

Specifically, the Eighth Circuit stated that, "[m]erely including the content of a report is not enough; the movant must also show that the report was sent to the proper parties." *Id*. The court held that "*Matter of Lozada* requires a movant to provide not only the substance of her claim but also the proof that she submitted it to the relevant authorities (or an explanation of why not)." *Id*.

The Eighth Circuit's interpretation of *Matter of Lozada*'s bar complaint requirement is in accord with our own. We now make clear that both the substance of the complaint and proof of its filing are required to comply with *Matter of Lozada*. Without the contents of the complaint, we are unable to assess whether the affidavit provided by the alien with the motion to reopen is consistent with the complaint filed with disciplinary authorities. *See also Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) ("*Lozada* is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one."). Without the proof of filing, we cannot be confident that the allegations are bona fide and that ineffective conduct will be deterred.

Thus, to satisfy *Matter of Lozada*'s bar complaint requirement, a motion to reopen based on ineffective assistance of counsel must include a copy of the bar complaint filed with disciplinary authorities and proof of the filing of that complaint, or an explanation why a bar complaint was not filed. This is not a meaningful difference from our prior decisions. The intent of *Matter of Lozada* has always been to ensure that deficient conduct in violation of ethical rules is reported to the appropriate disciplinary authorities and that the respondent's ineffective assistance claim mirrors the charge filed with disciplinary authorities.

We reject the respondent's suggestion to the Tenth Circuit that it is onerous to require a copy of the content of the complaint. If the respondent has actually filed a complaint with the appropriate disciplinary authorities for

the same behavior detailed in the affidavit, it should be no additional work to provide that document to this Board. Reopening is "disfavored." *INS v. Abudu*, 485 U.S. 94, 107 (1988); *Berdiev v. Garland*, 13 F.4th 1125, 1131 (10th Cir. 2021). It is not too much to ask respondents to provide proof of documents that they already have in their possession in order to meet their burden to show reopening is warranted.

## IV. APPLICATION TO THE PRESENT CASE

We have twice informed the respondents that their motion to reopen is deficient because it does not include the content of the bar complaint in addition to proof of filing. The respondents' current attorney works at the same firm as the attorney being reported. The danger of collusion is especially high in such a case. Thus, we will grant the respondents 30 days in which to provide this Board with a copy of the substance of the actually-filed bar complaint from 2023, or the motion will again be denied.[2]

Accordingly, the following order will be entered.

**ORDER:** The respondents are provided 30 days from the date of this order to file with this Board a copy of the 2023-filed bar complaint, or an alternate order denying the motion to reopen shall be automatically entered.

**NOTICE:** If an applicant is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the applicant's departure pursuant to the order of removal, the applicant shall be subject to a civil monetary penalty of up to $998 for each day the applicant is in violation. *See* section 274D of the INA, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any applicant that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).

---

[2] This is an interim order. The Board will issue an order adjudicating the respondents' motion to reopen after 30 days have passed.